# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD L. TSOSIE, :
:
    Plaintiff :
: CIVIL NO. 3:CV-10-0255
v. :
: (Judge Caputo)
WARDEN RONNIE HOLT, *et al.*, :
:
    Defendants :

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Ronald Tsosie, filed the above captioned civil rights complaint on February 2, 2010, alleging that select employees as USP-Canaan and the Lackawanna County Prison (LCP) conspired to harass him and deny him basic needs such as clean clothes and toiletries while housed at the LCP.[1] Presently before the Court is Mr. Tsosie's February 8, 2010, Motion for Appointment of Counsel. *See* Doc. 6. He basis his request for counsel on his inability to afford private counsel, his belief that his incarceration and placement in administrative detention will "greatly limit" his ability to litigate or investigate the matters complained of in this action, and a claim that his mail is being opened and/or withheld by unidentified prison officials. *Id*. For

---

[1] On February 3, 2010, the Clerk of Courts issued Mr. Tsosie a 30 Day Administrative Order directing him to either pay the filing fee in this matter or complete an application to proceed *in forma pauperis* and authorization form allowing prison officials to make periodic deductions from his account to pay the filing fee in installments when sufficient funds are available. To date, Mr. Tsosie has not responded to this Order, however, his opportunity for timely doing so has not yet expired.

the reasons that follow, Mr. Tsosie's motion will be denied.

A pro se litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, it is within the court's discretion pursuant to 28 U.S.C. § 1915(e)(1) to seek representation for a plaintiff. This effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The threshold issue is whether the plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

At this point, the Court is unable to determine whether Mr. Tsosie will qualify to proceed *in forma pauperis* as he has not yet returned the requisite forms that would allow him to do so. Furthermore, until he completes and returns these forms, the Court will not screen his Complaint as required by 28 U.S.C. § 1915. Upon screening the Complaint, the Court will either direct Mr. Tsosie to file an Amended Complaint if necessary, or direct service of the Complaint. If we serve the Complaint, the Defendants will either challenge the legal basis of the complaint or file an Answer. It is not until these procedural matters are resolved will the Court be able to examine the threshold question of the arguable factual and legal merit of Ronald Tsosie's claims for the purpose of considering whether to appoint him counsel in this matter. There is no evidence, at this point, that any prejudice will result in the absence of counsel, especially given the very early procedural posture

of this case.

Consequently, Mr. Tsosie's present request for counsel will be denied without prejudice. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon another motion filed by Mr. Tsosie.

AND NOW, this 17th day of February, 2010, it is ordered that Mr. Tsosie's Motion for Appointment of Counsel (doc. 6) is denied without prejudice.

/s/ A. Richard Caputo

**A. RICHARD CAPUTO**
**United States District Judge**