# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD L. TSOSIE, | : |
| Plaintiff | : |
| | : CIVIL NO. 3:CV-10-0255 |
| v. | : |
| | : (Judge Caputo) |
| WARDEN RONNIE HOLT, *et al.*, | : |
| Defendants | : |

# *O R D E R*

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On February 2, 2010, Plaintiff Ronald L. Tsosie, a federal prisoner incarcerated at the Canaan United States Penitentiary in Waymart, Pennsylvania (USP-Canaan), filed a complaint alleging a violation of his constitutional rights under *Bivens*[1] and violations of the Administrative Procedures Act (APA).[2] Prior to screening the Complaint, Mr. Tsosie sought, and was granted, permission to file an Amended Complaint. (Doc. 11.) An Amended Complaint was filed on March 4, 2010. (Doc. 13.) The Court directed service of the Amended Complaint on April 21, 2010. (Doc. 17.) Presently before the Court is Ronald Tsosie's Motion for Joinder. (Doc. 21). For the reasons that follow, the motion will be denied.

---

[1] In *Bivens*, the Supreme Court held that a plaintiff may obtain damages for injuries caused by a federal agent acting "under color of his authority" in violation of a claimant's constitutionally protected rights. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). <u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] 7 U.S.C. § 551*, et seq.*

Fed. R. Civ. P. 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days of serving the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (1), whichever is earlier." If a party seeks to amend its pleadings in all other cases, it may only do so with the opposing party's written consent or leave of court. Based on the procedural history of this case, Mr. Tsosie cannot file a Second Amended Complaint without Defendants' consent or the Court's leave.

However, when a plaintiff seeks to add new parties, the requirements of Fed. R. Civ. P. 20 must be met. Pursuant to Rule 20, persons may be joined "in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." A claim arises from the same transaction or occurrence as another claim where the two claims are "reasonably related." Consequently, a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact. *See* Fed.R.Civ.P. 20(a)(2); *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009).

Mr. Tsosie complains of his placement in a Special Housing Unit (SHU) cell with a non-functioning toilet between October 23 - 26, 2009. (Doc. 13, Am. Compl.) He also alleges that defendants deliberately erased his authorized phone numbers between October 7 - 13, 2009. *Id*. In the proposed complaint attached to his Motion for Joinder,

-2-

Mr. Tsosie seeks to add new claims and new defendants to the present case. He proposes to add claims related to the adequacy of the medical care he has received for his left shoulder and ear and also seeks to challenge the deprivation of personal property following a cell search that occurred in November 2009. While the named defendants and proposed new defendants are all employed at USP-Canaan, more is required for joinder or the filing of a second amended complaint. Each of the new proposed events are separate and distinct from the events alleged in the standing Amended Complaint. The proposed claims and defendants are not related by time or transaction and share no common ground. Accordingly, Mr. Tsosie's Motion for Joinder will be denied without prejudice to him filing a new case raising these claims.

**AND NOW**, this **26th** day of **JULY, 2010**, it is ordered that Mr. Tsosie's Motion for Joinder (doc. 13) is denied without prejudice.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**