# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD L. TSOSIE,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-10-0255** |
| v. : | |
| : | **(Judge Caputo)** |
| **WARDEN RONNIE HOLT,** *et al.*, : | |
| : | |
| **Defendants** : | |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On February 2, 2010, Plaintiff Ronald L. Tsosie, a federal prisoner incarcerated at the Canaan United States Penitentiary in Waymart, Pennsylvania (USP-Canaan), filed a complaint alleging a violation of his constitutional rights under *Bivens*[1] arising from his placement in a cell with a non-functioning toilet for three days in October 2009. (Doc. 13, Am. Compl.) The Court directed service of the Amended Complaint on April 21, 2010, and defendants were recently granted an enlargement of time to file a response to the Amended Complaint. *See* Doc. 35. Presently before the Court is Ronald Tsosie's Motion for Appointment of Counsel. (Doc. 22.) For the reasons that follow, the motion will be denied without prejudice.

---

[1] In *Bivens*, the Supreme Court held that a plaintiff may obtain damages for injuries caused by a federal agent acting "under color of his authority" in violation of a claimant's constitutionally protected rights. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

This is a civil action, not a criminal one. Hence the plaintiff has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).[2] A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04. The threshold issue when exercising our discretion is whether the plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). At this point, the defendants have not filed a response to the Amended Complaint. Clearly this case is in its procedural infancy, and until the defendants file a response to the Amended Complaint, the Court is unable to determine whether the case has arguable merit in fact and law. Furthermore, although Mr. Tsosie is indigent, he appears to be articulate and of sound mind. He does not suggest that without counsel he is unable to move forward with this case for reasons other than those experienced by all pro se inmate litigants - their incarceration, limited knowledge of the law and their indigent status. Given Mr. Tsosie's filings to date, there is no obvious reason why he cannot continue to represent himself without the appointment of counsel at this juncture. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). As such, Mr. Tsosie's motion for counsel is denied without prejudice. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon another motion filed by Ronald Tsosie.

---

[2] For the convenience of the reader of this Memorandum/Opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of this Court.

**AND NOW**, this **26th**  day of **JULY, 2010**, it is ordered that Mr. Tsosie's motion for counsel (doc. 22), is denied without prejudice.

                                              **/s/ A. Richard Caputo**
                                              **A. RICHARD CAPUTO**
                                              **United States District Judge**